**Don WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–93–00164–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 12, 1995.

Robert Storch, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., and LARSEN, J.

## OPINION

LARSEN, Justice.

### NATURE OF THE CASE

This is an out-of-time appeal from a conviction for the 1978 murder of an El Paso attorney. Appellant pleaded guilty to the charge and the judge assessed punishment at confinement for 60 years in the Texas Department of Corrections. Appellant appeals the conviction claiming that his plea was involuntary and that his attorney provided ineffective assistance of counsel. We affirm.

### I. SUMMARY OF THE EVIDENCE

On December 23, 1978, El Paso attorney Lee Chagra was shot and killed in his office during the course of a robbery. Several months later, appellant gave a written confession in which he implicated himself in the murder. Appellant was indicted for capital murder to which he pleaded not guilty. Pursuant to a plea agreement negotiated by his defense counsel, appellant subsequently plead guilty to the lesser offense of murder as charged by information. Neither a motion for new trial nor notice of appeal was filed. Appellant exhausted his state remedies by filing multiple petitions for habeas corpus relief. Appellant then filed his petition for habeas corpus relief in the United States District Court for the Western District of Texas on the basis that his attorney's actions denied him the right to counsel on appeal. On April 16, 1993, the federal court granted appellant's petition with instructions that he be permitted to file a notice of appeal and to perfect an out-of-time appeal. Appellant perfected his appeal by filing a notice of appeal and an affidavit of inability to pay costs of appeal on May 4, 1993.

### II. DISCUSSION

Appellant challenges the trial court's decision in his murder case by two points of error. First, appellant asserts his plea of guilty was involuntary because he was induced to plead guilty by misrepresentations of defense counsel as to the status of federal charges against appellant. Second, appellant claims his plea was involuntary because it was based on advice of counsel regarding the death penalty which did not meet the "reasonably effective assistance of counsel" standard.

To support his contention under Point of Error One, appellant refers to testimony from an evidentiary hearing ordered by the Texas Court of Criminal Appeals pursuant to a writ of habeas corpus. The testimony revealed that in addition to the conviction in state court, appellant faced a federal indictment, arising out of the same transaction, charging him with transportation of stolen property across state lines. Appellant filed a motion to suppress his confession on the federal charges, which was overruled, the court finding as a matter of law the confession was voluntary. Thereafter, appellant's attorney, Richard Lovelace, was of the opinion that a motion to suppress the confession would have the same result if brought in state court. Proceeding on that notion, Lovelace decided that the best course of action with regard to the state charges would be to negotiate a plea that would foreclose the death penalty. An agreement was reached with the District Attorney's Office

whereby if the charge was reduced from capital murder to murder, appellant would plead guilty to murder. Additionally, Lovelace told appellant that if he plead guilty to murder, the federal charges against him would be dismissed. Contrary to this advice, however, the federal charges were never dismissed.[1]

## APPLICABLE PROCEDURAL LAW

■ Before reaching the merits of appellant's first point of error, we must first address a procedural matter. It is the State's contention that the Texas Code of Criminal Procedure rather than the Texas Rules of Appellate Procedure, controls the disposition of appellant's first point of error. At the time of appellant's guilty plea, Code of Criminal Procedure, Article 40.09 controlled the appellate process as to the record on appeal and therefore, the State contends, it should be followed in this appeal. The State asserts that Code of Criminal Procedure, Article 40.09 limits the appellate record to all matters *developed at the trial,* thereby precluding testimony from the evidentiary hearing ordered by the Court of Criminal Appeals pursuant to appellant's petition for writ of habeas corpus. *See Farris v. State,* 712 S.W.2d 512, 515 (Tex.Crim.App.1986) (holding, under Code of Criminal Procedure, record refers to all matters developed at trial). We disagree with the State's assertion that we must follow the Code of Criminal Procedure.

On September 1, 1986, the Texas Rules of Appellate Procedure became effective pursuant to an order of the Court of Criminal Appeals. Recognizing that confusion existed as to the applicability of the rules, the Court issued an Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases. The Order provided, in pertinent part:

> It is Ordered by the Court of Criminal Appeals that as to posttrial, appellate and review procedures and steps completed or required to have been completed prior to September 1, 1986, the procedural provisions then in effect shall govern.

> It is further Ordered that all procedural matters and requirements as to posttrial, appellate and review procedures and steps completed or required to have been completed on or after September 1, 1986, shall be governed by the procedural requirements of the Texas Rules of Appellate Procedure in criminal cases, regardless of when notice of appeal was given.

*Harris v. State,* 790 S.W.2d 568, 573–74 (Tex. Crim.App.1989).

Appellant did not attempt to perfect appeal in this case until 1993, long after the Rules of Appellate Procedure came into effect. Courts have occasionally applied the Code of Criminal Procedure to appeals after September 1, 1986, but only when those appeals were initiated before September 1, 1986 and then continued after the effective date of the new rules. See *Harris,* 790 S.W.2d at 574; see also *Payne v. State,* 802 S.W.2d 686, 689 (Tex.Crim.App.1990). In supporting its position that the Code of Criminal Procedure would be applied in limited circumstances after September 1, 1986, the Court reasoned "[i]t would be absurd, however, to require an appeal to be perfected under one standard and then arbitrarily apply another standard." *Harris,* 790 S.W.2d at 574. Because the Texas Rules of Appellate Procedure apply to this appeal, and do not limit the record to all matters developed at the trial, we find it unnecessary to address the State's analysis of the Code of Criminal Procedure, Article 40.09. See *Torres v. State,* 804 S.W.2d 918, 920 (Tex.App.—El Paso 1990, pet. ref'd) (suggesting appellant initiate writ of habeas corpus action to create additional record for appeal).

## INVOLUNTARY PLEA

■ We now address the merits of appellant's first point of error. Appellant is contending that defense counsel's erroneous assurances that the federal charges against him were going to be dismissed was a major inducement to persuade appellant to plead guilty, and thus resulted in an involuntary plea. Appellant emphasizes that he is not asserting that this matter involves a broken plea bargain, but rather that he was misled

---

1. Appellant was acquitted of the federal charges.

by representations by his attorney. At the time of appellant's plea, the district attorney for the jurisdiction refused to engage in plea bargaining. In a non-plea bargain jurisdiction, there may be an agreement between the district attorney and the defendant as to the specific charges to be brought, but the district attorney makes no recommendation to the judge as to the sentence, or number of years, which should be served.

▉ The law regarding guilty pleas is firmly established. A guilty plea must be freely, voluntarily, and knowingly made on the part of the defendant. *Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985); see *Brady v. United States,* 397 U.S. 742, 756, 90 S.Ct. 1463, 1469, 748, 25 L.Ed.2d 747 (1970). Texas law specifically states "No plea of guilty ... shall be accepted by the court unless it appears that ... the plea is free and voluntary." TEX.CODE CRIM.PROC. ANN. art. 26.13(b) (Vernon 1989). This requirement assures that each defendant who pleads guilty to a criminal offense does so with a full understanding of charges and the consequences of his plea. *Basham v. State,* 608 S.W.2d 677, 678 (Tex.Crim.App.1980).

The case at hand involves misrepresentations made by defense counsel concerning the disposition of federal charges. Defense counsel testified that an Assistant United States Attorney assured him that the federal charges against appellant would be dismissed if appellant plead guilty to murder. However, the U.S. Attorney was unable to deliver on his promise. The appellant testified that part of his inducement to plead guilty was the information conveyed to him by his defense attorney that the federal charges would be dismissed.

In *Ex parte Evans,* also a case involving a plea based on erroneous advice of counsel, the appellant claimed his plea was involuntary because it was motivated by mistaken advice concerning his eligibility for parole. *Ex parte Evans,* 690 S.W.2d at 275–76. The appellant relied on his counsel's advice that he would be eligible for parole in eighteen to twenty months when, in fact, he was not eligible for parole for forty months. *Id.* at 275. The Court of Criminal Appeals distinguished different types of cases in which

pleas were challenged as involuntary and designated *Ex parte Evans* as an erroneous advice of counsel case. *Id.* at 276–77. The Court examined the importance it would attach to advice of parole eligibility given with regard to a guilty plea. *Id.* at 278. In reaching its decision that the plea was not involuntary, the Court held "the speculative nature of parole attainment was such as to discount its legal importance on the question of voluntariness of applicant's guilty plea...." *Id.* at 279.

Although the *Evans* Court held the plea based on counsel's advice was not involuntary, the decision was premised on the speculative nature of the parole eligibility advice. Here, in contrast, counsel's advice that federal charges would be dismissed was concrete and specific, not speculative.

We find the case of *Ex parte Griffin* more on point. There, the appellant pleaded guilty to a burglary charge in Harris County in exchange for dismissal of a second case pending against him in the same county. *Ex parte Griffin,* 679 S.W.2d 15, 16 (Tex.Crim. App.1984). The appellant claimed that as part of his plea agreement, the Harris County prosecutor also promised him that a probated sentence in Walker County would be revoked and the sentence reformed to five years to run concurrently with his Harris County sentence. *Id.* at 16. The prosecutor disputed the claim and the Court agreed with the trial court that the appellant failed to prove the Walker County disposition was part of the plea agreement. *Id.* at 17. Nevertheless, the Court held that the appellant's plea was not voluntary. *Id.* The Court cited language from *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) and stated the standard that "a plea of guilty is invalid if it is induced by defense counsel's direct misrepresentation that the State has made a concession which in fact was not part of the plea agreement." *Ex parte Griffin,* 679 S.W.2d at 17. The Court also cited several cases in which it reversed convictions because of a defense counsel's inaccurate advice and noted those cases essentially stood for the proposition that a defendant is entitled to believe and rely on his attorney's account to him of the terms of a

plea bargain, and that if his counsel's misrepresentations of the terms induces his guilty plea, he is entitled to relief. *Ex parte Griffin,* 679 S.W.2d at 18.

The facts of this case are strikingly similar to *Griffin.* Here we also have a plea motivated by erroneous advice of counsel. The advice given in *Griffin* and the advice given here both involved the disposition of legal proceedings against the appellant. However, this case is stronger than *Griffin* because the *Griffin* Court found that appellant could not prove that disposition of the Walker County case was actually part of the plea agreement. In this case, there is no dispute whether or not defense counsel represented to appellant that the charges in federal court would be dismissed. The record clearly reflects the misrepresentation that was made and the fact that appellant relied on such erroneous advice.

The State argues the record reflects appellant made a voluntary plea. Pursuant to Article 26.13, before accepting appellant's plea, the trial court judge asked whether anyone promised appellant anything in exchange for his plea of guilty. Appellant answered "No." The State asserts that in answering no, appellant admitted he was not promised that federal charges against him would be dismissed if he plead guilty. In effect, the State submits, appellant is estopped from claiming any erroneous advice from defense counsel motivated him to enter a guilty plea. We find merit in the State's argument.

In *Curry v. State,* the appellant complained that his guilty plea was involuntary because his counsel gave him erroneous advice concerning the amount of time he would have to serve. *Curry v. State,* 861 S.W.2d 479, 483 (Tex.App.—Fort Worth 1993, pet. ref'd). The Court noted that because the appellant indicated at the plea hearing he was changing his plea to guilty because the allegations in the indictment were true, he had a heavy burden to prove otherwise. *Id.;* see also *Sawyer v. State,* 778 S.W.2d 541, 543 (Tex.App.—Corpus Christi 1989, pet. ref'd) (holding when defendant attests at original plea hearing to voluntary nature of plea,

heavy burden is placed on him at later hearing to show lack of voluntariness). At the hearing on his guilty plea, the appellant stated unequivocally that he was not pleading guilty because of any promises made, but solely because he was guilty of the offense. *Curry,* 861 S.W.2d at 484. However, at the hearing on his motion for new trial, the appellant testified he pleaded guilty because his counsel advised him he would not have to serve a one-fourth mandatory portion of his sentence. *Id.* The Court found that although counsel's advice was incorrect, the appellant failed to establish the error prejudiced his defense, because he did not enter his plea on the basis of a plea bargain, he received a complete admonishment, and affirmatively stated he was satisfied with his counsel's representation. *Curry,* 861 S.W.2d at 484; see *Harrison v. State,* 713 S.W.2d 760, 765 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); *Miles v. State,* 501 S.W.2d 91, 91–92 (Tex.Crim.App.1973).

The appellant in this case also testified at his plea hearing that he was not entering a guilty plea because of any promises made to him. Like the appellant in *Curry,* appellant here later testified that he was, in fact, promised something in exchange for his guilty plea. However, appellant has also failed to prove counsel's erroneous advice prejudiced his defense because he stated he was not entering his plea on the basis of a promise, he was properly admonished by the trial court, and he signed a statement indicating he was satisfied with his defense counsel's representation.

Appellant does not complain that he was improperly admonished by the trial court before his plea of guilty was accepted. The record of the plea proceedings demonstrates that appellant acknowledged he was pleading guilty because he was guilty of the offense charged and for no other reason. Appellant further testified that he was making a voluntary plea of guilty and that no one had promised him anything to get him to enter his plea. In light of appellant's answers to the trial court's admonishment regarding any promises made to him, we find that appellant

has failed to prove his plea was involuntary.[2] Appellant's first point of error is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant's second point of error asserts that defense counsel's advice regarding the death penalty did not meet the reasonably effective assistance of counsel standard and because appellant relied on that advice in deciding to plead guilty, his plea was involuntary. Specifically, appellant claims counsel's advice to plea guilty to murder to avoid the death penalty was erroneous because there was insufficient evidence to support an affirmative jury finding for imposition of the death penalty. In order to receive the death penalty, the law in effect at the time required the jury to find that defendant would commit criminal acts of violence that would be a continuing threat to society. TEX.CODE CRIM. PROC.ANN. art. 37.071(b)(2)[3]. Appellant argues that his counsel made no effort to determine the probability that a jury would sentence appellant to death, and if a jury did sentence appellant to death, the likelihood that such a sentence would be upheld.

■ The United States Supreme Court established a two-prong test for analyzing an ineffective assistance of counsel claim in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test also provides the standard of review when there is a challenge to a guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Ex parte Adams,* 707 S.W.2d 646, 649 (Tex. Crim.App.1986); *Larson v. State,* 759 S.W.2d 457, 460 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 *pet. reh'g denied,* 490 U.S. 1085 109 S.Ct. 2112, 104 L.Ed.2d 672 (1989). Under the first prong,

appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 80 L.Ed.2d at 693, 104 S.Ct. at 2065. Once appellant meets this burden, he must next show that there is a reasonable probability that, but for counsel's errors, he would not have entered his pleas and would have insisted on going to trial. *Id.* at 694, 80 L.Ed.2d at 697, 104 S.Ct. at 2068.

Appellant's assertions of ineffective assistance of counsel are entirely unsupported by the record. There is no evidence that counsel advised appellant to plead guilty in an effort to avoid the death penalty. Defense counsel testified that he thought the best course of action was to try to work some sort of plea with the District Attorney's Office to eliminate the possibility appellant would receive the death sentence. However, at no point does appellant contend that his counsel told him to plead guilty to avoid the death penalty, and obviously, there was no further testimony that appellant relied on such advice. Accordingly, we hold that appellant has not met his burden under the *Strickland–Hill* test. Appellant's second point of error is overruled.

### III. *CONCLUSION*

The judgment is affirmed.

McCOLLUM, J., not participating.

---

2. The record contains conflicting testimony as to whether appellant requested that defense counsel withdraw his guilty plea and appeal his sentence when the federal charges were not dismissed. Arguably, this evidence could demonstrate appellant's reliance on counsel's misrepresentations. However, such contradictory testimony is insufficient to overcome appellant's burden to show his plea was involuntary.

3. Acts 1973, 63rd Leg., p. 1125, ch. 426, art. 3, § 1, eff. June 14, 1973, *amended by* Acts 1985, 69th Leg., ch. 44, § 2, eff. Sept. 1, 1985; Acts 1991, 72 Leg., ch. 652, § 9, eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 838, § 1, eff. Sept. 1, 1991.