**John PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–98–00197–CR.**

Court of Appeals of Texas,
El Paso.

March 25, 1999.

Rehearing Overruled April 28, 1999.

Matthew DeKoatz, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., Richard Dulany, Jr., Asst. Dist. Atty., El Paso, for State.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from convictions for the offenses of possession of a controlled substance under one gram and aggravated assault on a public servant. The appellant, John Price, entered a negotiated plea of guilty and, pursuant to the plea agreement, received a sentence of fifteen years confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm his conviction.

## FACTS

Pursuant to a plea bargain agreement, Price pleaded guilty to the offenses of possession of a controlled substance and aggravated assault on a public servant on May 18, 1998. The trial court followed the agreement and sentenced Price to fifteen years confinement in the Texas Department of Criminal Justice—Institutional Division on each count. Price filed a motion for new trial. After an evidentiary hearing, at which Price claimed his plea was involuntary because of his trial

counsel's ineffective assistance, the trial court denied Price's request to withdraw his plea and refused to order a new trial. Price appeals contending in two issues for review that his plea was involuntary and that the trial court erred in failing to grant him a new trial.

## JURISDICTION

As a preliminary matter, we must address the State's contention that Price's general notice of appeal did not confer jurisdiction on this court. Price's notice of appeal stated,

> Appellant directly challenges the plea, itself, as being involuntary, and as failing to comply with the Texas Code of Criminal Procedure. For such reasons, Appellant maintains that the Court of Appeals has jurisdiction to hear this appeal.

The State maintains that the notice of appeal fails to comply with Texas Rule of Appellate Procedure 25.2(b)(3) which requires

> [I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> (A) specify that the appeal is for a jurisdictional defect;
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.[1]

Price's notice of appeal does none of these things. In *Flowers v. State*,[2] the Court of Criminal Appeals held that failure to comply with Texas Rule of Appellate Procedure 40(b)(1), precursor to the current Rule 25.2(b)(3), did not bar an appellant from raising the voluntariness of his or her plea.[3] The State, relying on *Villanueva v. State*,[4] contends that Rule 25.2(b)(3) overruled *Flowers* and requires an appellant to obtain permission of the trial court to appeal the voluntariness of a negotiated plea.[5] We disagree.

■ In *Flowers*, the Court of Criminal Appeals found that an appellant has a substantive right to raise the voluntariness of a negotiated plea on appeal.[6] This substantive right is based on longstanding statutory requirements that a plea be given freely and voluntarily.[7] Reasoning that neither a rule of procedure nor the court's interpretation of a rule may modify, enlarge, or abridge a substantive right, the court concluded that appealability of the voluntariness of a guilty plea could not be dependent on following Rule 40(b)(1) requirements.[8] When compared with Rule 40(b)(1),[9] we find no changes in Rule 25.2(b)(3) that would indicate an intent on the part of the Court of Criminal Appeals to overrule its holding in *Flowers*. Moreover, given the holding in *Flowers* and Section 22.108(a) of the Government Code, we find the court could not have intended to use its rulemaking authority to abridge the

---

1. Tex.R.App. P 25.2(b)(3).

2. 935 S.W.2d 131 (Tex.Crim.App.1996).

3. *Id.* at 133.

4. 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, no pet.).

5. *Id.* at 696.

6. *Flowers*, 935 S.W.2d at 134.

7. *Id.* at 133 (citing *Saunders v. State*, 10 Tex.App. 336; Article 518 C.C.P. 1879).

8. *Id.* at 134 (citing Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988)) ("The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases *except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.*") (Emphasis added).

9. The text of Rule 40(b)(1) read, in pertinent part:

> [B]ut if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before

substantive right to appeal voluntariness of a plea.[10] Accordingly, we overrule the State's challenge to our jurisdiction over this appeal and turn to a review of Price's contentions.

## APPLICABLE LAW

■ In two issues for review, Price contends that his guilty plea was rendered involuntary by his counsel's ineffective assistance. Price argues that the trial court abused its discretion by refusing to allow him to withdraw his guilty plea and by failing to order a new trial. The law regarding guilty pleas is firmly established. A guilty plea must be freely, voluntarily, and knowingly made by the defendant.[11] This requirement assures that each defendant who pleads guilty to a criminal offense does so with a full understanding of the charges and the consequences of his plea.[12] When the record shows that the trial court properly admonished the defendant, as it does here, it presents a prima facie showing that the guilty plea was knowing and voluntary, and the burden then shifts to the defendant to establish that he or she did not understand the consequences of the plea.[13]

## INEFFECTIVE ASSISTANCE— GUILTY PLEA

■ Since Price couches his voluntariness argument in terms of his counsel's alleged ineffectiveness, we will review his argument in light of the United States Supreme Court's decision in *Strickland v. Washington*.[14] *Strickland* established a two-prong test for analyzing an ineffective assistance of counsel claim generally, and also provides the stan-dard of review when there is a challenge to a guilty plea based on ineffective assistance of counsel.[15] Under the first prong, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness.[16] Once appellant meets this burden, he must next show that there is a reasonable probability that, but for counsel's errors, he would not have entered his pleas and would have insisted on going to trial.[17] In this case, Price relies on his counsel's failure to adequately investigate his case to establish that counsel's performance fell below an objective standard of reasonableness.

## THE RECORD

■ We do not find that the record necessarily establishes trial counsel's failure to adequately investigate this case. At his motion for new trial hearing, Price contended that his trial attorney failed to do any investigation into his case, which Price claimed left him without information sufficient to voluntarily and knowingly make his guilty plea. He maintained that trial counsel never discussed the facts of the case with him, refused to answer his letters, and spoke to him only during court appearances. Price claimed that his trial counsel admitted that he had not even looked at the police report when the district attorney began reading from it at Price's guilty plea. Price told the trial court that he would not have pleaded guilty had he been aware of information in the police report and in the district attorney's file. Except for a vague reference to an "accomplice," however, Price did not specify at the hearing, nor does he specify on appeal, exact-

trial. Tex.R.App. P. 40(b)(1) (Vernon Pamph. 1997, repealed eff. Sept. 1, 1997).

10. *See Flowers*, 935 S.W.2d at 134; Tex. Gov't Code Ann. § 22.108(a) (Vernon 1988).

11. *Ex parte Evans*, 690 S.W.2d 274, 276 (Tex. Crim.App.1985); *White v. State*, 892 S.W.2d 223, 226 (Tex.App.—El Paso 1995, no pet.).

12. *Basham v. State*, 608 S.W.2d 677, 678 (Tex. Crim.App.1980); *White*, 892 S.W.2d at 226.

13. *Hernandez v. State*, 885 S.W.2d 597, 601 (Tex. App.—El Paso 1994, no pet.); *Smith v. State*, 857 S.W.2d 71, 73 (Tex.App.—Dallas 1993, pet. ref'd).

14. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

15. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Ex parte Adams*, 707 S.W.2d 646, 649 (Tex.Crim.App. 1986); *Larson v. State*, 759 S.W.2d 457, 460 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), cert. denied, 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161, pet. reh'g denied, 490 U.S. 1085, 109 S.Ct. 2112, 104 L.Ed.2d 672 (1989).

16. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2065, 80 L.Ed.2d at 693.

17. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697; *White*, 892 S.W.2d at 228.

ly which information in the police report or district attorney's file would have changed his mind about pleading guilty. By failing to identify the information he would have relied upon, Price failed to show a reasonable probability that, but for counsel's failure to provide information to him, he would not have entered his plea and would have insisted on going to trial.

Moreover, trial counsel contradicted Price's testimony. Although he did not address the police report directly, counsel testified that he had spent "quite a bit of time" with Price discussing all the evidence in the State's file. He met with Price twice in the jail and five or six times while waiting for hearings at the courthouse. Counsel felt that Price understood the evidence against him because Price was "very well familiar with the law and the consequences of it." He specifically stated that he and Price had discussed the "accomplice" who was in the car with Price when Price was arrested, and the possibility that the accomplice would testify.

## CONCLUSION

Accordingly, we find that Price failed to establish the involuntariness of his guilty plea based on counsel's ineffective assistance. On the record before us, we cannot find that the trial court abused its discretion by denying Price's motion for new trial. We therefore overrule Price's two issues [18] and affirm the judgment of the trial court.

---

18. *See Perrett v. State,* 871 S.W.2d 838, 842 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (trial court did *not* abuse discretion by denying motion for new trial and failing to allow withdrawal of guilty plea where defendant failed to establish ineffective assistance of counsel).