**Ronnie COCHRANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–00–00280–CR.**

Court of Appeals of Texas,
Tyler.

Nov. 30, 2001.

James W. Volberding, Baynham & Volberding, Tyler, for appellant.

Edward J. Marty, Smith County Crim. Dist. Atty., Tyler, for appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Pursuant to a plea bargain agreement, Ronnie Cochrane ("Appellant") pleaded guilty to the misdemeanor offense of theft by check and was sentenced to one day in jail and court costs. Appellant had made restitution for the check. In five issues, he contends that the trial court erred in not granting him a hearing on his motion for new trial, that the evidence was legally and factually insufficient to show his plea was voluntary, and that the evidence was legally and factually insufficient to support a finding of guilt. Appellant gave a general notice of appeal. We affirm.

Before reaching the merits of this case, we address the State's contention that this Court lacks jurisdiction to consider this appeal. Because Appellant appeals from a judgment rendered on a plea of guilty pursuant to a plea bargain, and the punish-

ment assessed was within the range agreed to by the prosecutor and the defendant, we must consider the threshold issue of whether Appellant's general notice of appeal is sufficient to confer jurisdiction on this Court.

Texas Rule of Appellate Procedure 25.2(b)(3) limits our jurisdiction over appeals from plea-bargained convictions. The rule provides, in relevant part:

> If the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere ... the notice must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal.

See Tex.R.App. P. 25.2(b)(3). Rule 25.2(b)(3) replaces former Rule 40(b)(1), which provided:

> In order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion ruled on before trial.

Under former Rule 40(b)(1), a plea-bargaining defendant who failed to comply with the notice requirements of the rule could nevertheless challenge jurisdictional issues and the voluntariness of his plea. *Flowers v. State*, 935 S.W.2d 131, 132–34 (Tex.Crim.App.1996).

The advent of Rule 25.2(b)(3), however, sparked debate about whether the appellate courts may still consider the voluntariness of a plea when an appellant files only a general notice of appeal and thus, fails to comply with the rule's extra-notice requirements. *See Davis v. State*, 7 S.W.3d 695, 696 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd) (noting split of authority in courts of appeals and citing cases).

The majority of Texas appellate courts that have considered the issue have held that under *Flowers*, the right to challenge the voluntariness of a plea can always be challenged on appeal. *See, e.g., Davis*, 7 S.W.3d at 696; *Moore v. State*, 4 S.W.3d 269, 272 (Tex.App.Houston [14th Dist.] 1999, no pet.); *Lowe v. State*, 997 S.W.2d 670, 672 (Tex.App.—Dallas 1999, no pet.); *Minix v. State*, 990 S.W.2d 922, 923 (Tex. App.—Beaumont 1999, pet. ref'd); *Price v. State*, 989 S.W.2d 435, 437–38 (Tex.App.— El Paso 1999, pet. ref'd); *Hernandez v. State*, 986 S.W.2d 817, 820 (Tex.App.— Austin 1999, pet. ref'd); *Luna v. State*, 985 S.W.2d 128, 129–30 (Tex.App.—San Antonio 1998, pet. ref'd); *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998), *rev'd in part by*, 49 S.W.3d 880 (Tex.Crim.App.2001); *Session v. State*, 978 S.W.2d 289, 291–92 (Tex.App.—Texarkana 1998, no pet.); *Johnson v. State*, 978 S.W.2d 744, 745–46 (Tex.App.—Eastland 1998, no pet.).

■ The Court of Criminal Appeals resolved the matter in *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App.2001). *Cooper* held that *Flowers* will not be applied to Rule 25.2 and that a defendant in a plea-bargained felony case cannot raise the issue of the voluntariness of his plea on appeal. *Cooper*, 45 S.W.3d at 83. However, in resolving the issue in regard to felony cases, the Court specifically stated that its holding only applies to plea-bargained felony cases. *Id.*, at 81. Appellant pleaded guilty to a misdemeanor theft charge. Therefore, we will review the voluntariness of Appellant's plea.

■ Although we have decided that we have jurisdiction to review the voluntariness of his plea, we cannot conclude that Appellant's plea was involuntary. Ap-

pellant contends that he is entitled to a new trial because he was confused and unsure of his actions at the time of his plea. The voluntariness of a guilty plea is determined by the totality of the circumstances. *Fimberg v. State*, 922 S.W.2d 205, 207 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). There is a presumption of regularity of the judgment and the proceedings, and the burden is on the defendant to overcome this presumption. *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Although Appellant filed a motion for new trial contending that his plea was involuntary, he did not obtain a hearing on this motion.

The judgment in this case recites that the defendant waived his right of trial by jury, and pleaded guilty to the information. It states that he was admonished by the Court as required by law. It appeared to the Court that the defendant was sane, that the plea was freely and voluntarily made, and that the defendant was aware of the consequences of his plea. The plea was received by the Court and entered of record. In the absence of an affirmative showing to the contrary, the foregoing recitation in the judgment is entitled to a presumption of regularity. *Lopez v. State*, 25 S.W.3d 926, 929 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

Appellant also signed a written plea admonishment acknowledging that he was guilty and had no right of appeal if the plea bargain was followed. He verbally advised the court that he was guilty and understood the plea bargain. *Lopez*, 25 S.W.3d at 929. The record does reflect that Appellant had "a ton of questions"; however, it does not advise us of those questions. Therefore, on the record before us, we must conclude that Appellant's plea was voluntary. Further, we have no jurisdiction to review the other issues raised by Appellant. Tex.R.App. P. 25.2(b)(3).

Appellant's issues are overruled, and the judgment of the trial court is ***affirmed.***