Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





ALONSO DIAZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00042-CR


Appeal from the


384th District Court


of El Paso County, Texas


(TC# 20000D04065)



MEMORANDUM OPINION



 This is an appeal from a conviction for the offense of attempted aggravated sexual
assault and aggravated kidnaping. At trial, Appellant pleaded guilty before the jury and the
jury assessed the punishment at confinement for twenty (20) and twenty-five (25) years'
respectively. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 Alonso Diaz, Appellant, was arrested on or about August 4, 2000 for intentionally and
knowingly abducting Susanna Porras by using and threatening to use deadly force with intent
to abuse sexually. Following his arrest, Appellant confessed to Detective Adrian Medina that
he intended and did in fact commit the charged offenses. At trial, the court informed
Appellant, prior to entering his plea of guilty, of his right to challenge the confession and of
the consequences of waiving such right. During the State's chief-in-case, the State
introduced evidence of the offense and Appellant's counsel (hereinafter "counsel") objected
to the introduction of Appellant's testimony to Detective Medina. Counsel later moved for
a directed verdict, but the court denied the motion. After both sides closed, the court
instructed the jury that Appellant knowingly and voluntarily entered his guilty plea after
being informed of the consequences. When the jury delivered its sentencing, the court asked
Appellant to raise any legal reasons for why the punishment should not take effect against
him. Appellant replied "no," and the court affirmed the jury's sentencing. 

 On appeal, Appellant now seeks to reverse his guilty plea and requests for new trial
on the grounds that he entered his plea based on the misinformation his counsel had
provided. Appellant claims that his counsel informed him that evidence from the actual
offenses, including his testimony to Detective Medina, would not be introduced before the
jury and that doing so may result in lighter sentencing. Appellant contends that had he been
given the correct information, he would not have pleaded guilty, and that this could have
resulted in a different outcome. Nothing in the record, however, substantiates such claims. 

II. DISCUSSION


 Appellant brings one issue on appeal regarding whether Appellant's guilty plea was
involuntary. Appellant asserts that his counsel was ineffective during trial because he
misinformed him that evidence of the offense he had committed would not be admissible at
trial if he pleaded guilty before the jury. 

 A guilty plea must be made voluntarily and knowingly to be valid. White v. State, 892
S.W.2d 223, 226 (Tex. App.--El Paso 1995, no pet.) (citing Ex Parte Evans, 690 S.W.2d 274,
276 (Tex. Crim. App. 1985)); Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). 
A guilty plea that is the result of ineffective assistance of counsel is involuntary, and
therefore invalid. Courtney v. State, 39 S.W.3d 732, 734 (Tex. App.--Beaumont 2001, no
pet.) (citing Ex Parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)). If an attorney
conveys erroneous information to his client, and the client enters a plea of guilty based on
that misinformation, the plea is involuntary. Rivera v. State, 952 S.W.2d 34 (Tex. App.
LEXIS 3702 (1997)) (citing Fimberg v. State, 922 S.W.2d 205, 207 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd)). The federal and state constitutions guarantee the right to effective
assistance of counsel to the accused, and as such, trial counsel must adequately prepare the
case. See U.S. CONST. Amend. VI; Tex. CONST. art. I, §10; Butler v. State, 716 S.W.2d
48 (Tex. Crim. App. 1986); Ex parte Wellborn, 785 S.W.2d 391 (Tex. Crim. App. 1990);
McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App. 1996); Pena v. State, 932 S.W.2d 31
(Tex. App.--El Paso, 1995 no pet.). Appellant contends he would not have pleaded guilty
if counsel had not misinformed him, and that his plea is therefore involuntary. 

 In determining the validity of a claim of ineffective assistance of counsel, Texas has
adopted the two-pronged test set forth by the Supreme Court in Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim. App. 1986); Bradley v. State, 960 S.W.2d 791, 803 (Tex. App.--El Paso 1997,
pet. ref'd). The Strickland test requires that a defendant show: (1) that counsel's
performance was deficient from an objective standard of reasonableness, and (2) that
counsel's error was so serious as to give rise to a reasonable probability that but for the
defendant's reliance on the errors, the outcome would have been different, thereby depriving
the defendant of a fair trial. Strickland, 466 U.S. at 687. Proper analysis of the Strickland
test requires examining the totality of a counsel's representation, not isolated acts or
omissions, and a defendant has the burden of proof to establish ineffective counsel assistance
by providing strong enough evidence to overcome a strong presumption that counsel's
performance was reasonable. Bradley, 960 S.W.2d at 803; Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). 

 Appellant contends that because counsel did not understand the legal consequences
of a guilty plea before the jury, this Court must grant him a new trial. He points out that
counsel did not know that a plea of guilty before the jury causes the trial to become a unitary
proceeding and that counsel told him that certain evidence would not be used against him at
trial. Furthermore, counsel did not understand that even if Appellant pleaded guilty, the State
has to prove his guilt beyond a preponderance of evidence by introducing evidence of the
offense. Appellant further contends that the fact that counsel objected to the introduction of
testimony concerning the offense and the fact that counsel moved for a directed verdict prove
that counsel conveyed misinformation and that he suggested to Appellant to plead guilty. 
Even if this appellate court assumed that Appellant has provided sufficient evidence to
support his allegation that his counsel's actions were unsound trial strategy, Appellant has
failed to establish the first prong of Strickland absent any evidence of the reasons for trial
counsel's actions. Jackson, 877 S.W.2d at 771-772; Courtney, 39 S.W.3d at 737. Because
counsel has not had the opportunity to explain his actions during the trial, this Court cannot
make such determination based on mere speculation. Appellee contends that even if counsel conveyed erroneous information to him, thereby
satisfying the first prong of the Strickland test, Appellant has not provided any evidence to
substantiate his claim that but for the erroneous advice, he would not have pleaded guilty. 
In fact, Appellant pleaded guilty because he committed the offense and that he made the
decision after properly being informed of the consequences without being under any influence
or threat. In White v. State, the Court faced similar circumstances and held that the
Appellant's guilty pleas were voluntary because their pleas were entirely based on their own
decision, and because they were properly admonished by the trial courts. White v. State, 892
S.W.2d 223, 223 (Tex. App.--El Paso 1995, no pet.). This Court follows that holding. 

 Proper analysis of a claim of ineffective assistance of counsel generally requires that
a defendant develop the issue through post-trial evidence. Even after becoming aware that
the information his counsel provided was false, Appellant chose to plead guilty again and did
not allege his right to effective counsel when counsel moved for new trial. Accordingly, he
has failed to prove that he pleaded guilty because of the misinformation, and thus his plea
voluntary. Appellant's action raises a doubt that the only reason he has suddenly decided to
assert his right to effective counsel is that he is not content with the jury's assessment of
punishment, which turned out to be more severe than he had hoped. The second prong is not
met. Appellant's sole issue on review is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

July 10, 2003



 _______________________________________

 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)