Donald Eugene CURRY, Appellant,

v.

The STATE of Texas, State.

No. 2–91–340–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1993.

Renie McClellan, Cedar Hill, for appellant.

Bruce Isaacks, Crim. Dist. Atty., and Kathleen A. Walsh, Paige Miller, Sharone McGahee, Assts., Denton, for appellee.

Before FARRIS, WEAVER and FARRAR, JJ.

## OPINION

FARRIS, Justice.

Donald Eugene Curry was convicted of the aggravated sexual assault of his stepdaughter, W.K., and sentenced by a jury to life imprisonment. TEX. PENAL CODE ANN. § 22.-021 (Vernon 1989). On appeal he raises nineteen points of error: thirteen complaints of ineffective assistance of counsel; three complaints his guilty plea was not voluntary; a complaint his prosecution was barred by limitations; a complaint of error in failing to

give the parole charge; and a complaint the court erred in limiting cross-examination of a State witness. Because Curry was convicted of an offense with a ten-year limitations period; because Curry was not harmed by the lack of a parole instruction or the limited cross-examination of a State witness; because Curry failed to prove his trial counsel rendered assistance that was deficient or that prejudiced his defense; and because the credible evidence shows Curry entered his plea voluntarily, we overrule all points and affirm the judgment.

■ In his first and second points, Curry contends because he was indicted on June 6, 1991 for an offense which allegedly occurred on September 31, 1983, his prosecution was barred by the five-year limitations period, and he was denied effective assistance of counsel because trial counsel failed to seek dismissal of the indictment because it was barred by the statute of limitations.[1]

Curry was indicted for sexual assault under TEX.PENAL CODE ANN. § 22.011(a)(2) (Vernon Supp.1993), which is included in the ten-year section of the limitations article. See TEX.CODE CRIM.PROC.ANN. art. 12.-01(2)(D) (Vernon Supp.1993). Although this offense fell under the five-year period when it occurred, article 12.01 was amended, effective September 1, 1987, to include Curry's offense and his prosecution was not time barred. See Archer v. State, 577 S.W.2d 244 (Tex.Crim.App. [Panel Op.] 1979).[2] Points one and two are overruled.

■ In points four and five, Curry contends the trial court erred by not giving the parole instruction and he was denied effective assistance of counsel because trial counsel failed to object to the omission. We overrule both points, because the parole instruction was crafted to increase jury sentences and its absence did not harm Curry. See Grigsby v. State, 833 S.W.2d 573, 576 (Tex.App.—Dallas 1992, pet. ref'd).

1. The allegation of an impossible date is the subject of Curry's third point.

2. We disapprove of statements in two opinions of this court that the limitations for sexual assault

Curry's sixth and seventh points concern the trial court sustaining the State's "relevancy" objection and not allowing him to cross-examine his ex-wife, who was the victim's mother, about a debt she owed him. Curry contends the witness's testimony was crucial to the State's case and denying him the right to cross-examine her, to demonstrate her bias and motive for testifying, was a violation of his right to confrontation under both federal and state constitutions, and he was denied effective assistance of counsel because his attorney failed to make a bill of exception.

■ We overrule point seven because a bill of exception was not required to preserve error in this instance. Error was preserved by establishing the subject matter which he wished to address in cross-examination. See Koehler v. State, 679 S.W.2d 6, 9 (Tex.Crim. App.1984).

We overrule point six because, while we hold the trial court erred by denying Curry the right to cross-examine the witness about possible bias, the error was harmless.

In Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the United States Supreme Court established the appropriate analysis for determining whether a denial of the right to cross-examination under the confrontation clause was harmless error. See Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438. Our Court of Criminal Appeals has held a proper analysis of harmless error under Van Arsdall requires we employ the factors set out in that opinion. See Shelby v. State, 819 S.W.2d 544, 547 (Tex.Crim. App.1991). The Van Arsdall factors are:

(1) The importance of the witness's testimony in the prosecution's case;

(2) Whether the testimony was cumulative;

(3) The presence or absence of evidence corroborating or contradicting the testimony of the witness on material points;

(4) The extent of cross-examination otherwise permitted; and,

of a child is five years. See Gottlich v. State, 822 S.W.2d 734, 740 (Tex.App.—Fort Worth 1992, pet. ref'd); Wilson v. State, 730 S.W.2d 438, 443 (Tex.App.—Fort Worth 1987, pet. ref'd).

(5) The overall strength of the prosecution's case.

*Van Arsdall,* 475 U.S. at 684, 106 S.Ct. at 1438; *Shelby,* 819 S.W.2d at 547.

Considering the first and fifth *Van Arsdall* factors, we find the witness's testimony was not particularly important to the State's case while the State's case was a strong one. The witness was unaware Curry had abused W.K. until after she and Curry had divorced.

■ Points three, nine, ten, eleven, fourteen, fifteen, sixteen, seventeen, eighteen, and nineteen concern the effectiveness of counsel during the guilt-innocence phase of trial. To prove ineffective assistance of counsel at this phase of trial, a convicted defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[3]

In his third point, Curry contends it was incumbent upon trial counsel to move to quash the indictment because it alleged the offense occurred on a non-existent date, September 31, 1983.

■ Curry cannot prove trial counsel was ineffective, in this regard, because an indictment alleging an impossible date is not fundamentally defective. *See Ex parte McFarland,* 632 S.W.2d 621 (Tex.Crim.App. 1982). In addition, contrary to Curry's contention, his defense was not prejudiced by counsel's failure to object to the indictment. The record shows trial counsel engaged in extensive discovery and was aware of what the State's evidence showed in terms of the offense date. Point three is overruled.

■ In his eleventh point, Curry claims his counsel should have filed a motion requesting notice of the State's intent to use extraneous offense evidence.

First, we note that because counsel filed a motion in limine including extraneous offenses, he was given the opportunity to hear the evidence and present arguments against its admissibility outside the presence of the

jury. In addition, Curry failed to show how the failure to request notice prejudiced his defense, since he did not allege or argue the evidence was inadmissible. Point eleven is overruled.

In points nine, ten, fourteen, fifteen, seventeen, eighteen, and nineteen, Curry claims his plea was involuntary because it was based on erroneous advice of counsel and his trial counsel rendered ineffective assistance.

■ We recognize the validity of a guilty plea depends upon whether it was entered voluntarily and made intelligently and, if upon advice of an attorney, that counsel was reasonably competent and rendered effective assistance. *Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985); TEX. CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989). Because Curry indicated at the plea hearing he understood the nature of the proceeding and was changing his plea because the allegations contained in the indictment were true, and not because of any outside pressure or influence, he has a heavy burden to prove otherwise. *See Sawyer v. State,* 778 S.W.2d 541, 543 (Tex.App.—Corpus Christi 1989, pet. ref'd). After reviewing the record, we hold Curry failed in his proof.

In his ninth and tenth points, Curry contends his guilty plea is invalid because he did not enter it knowingly and voluntarily and his counsel gave him erroneous advice concerning the amount of time he would have to serve.

■ Point nine is overruled because the attainment of parole is so speculative that erroneous advice regarding the number of years to be served before being eligible for parole would not render a guilty plea involuntary. *See Ex parte Wilson,* 716 S.W.2d 953, 958 (Tex.Crim.App.1986).

■ Concerning Curry's ineffective assistance claim, the trial judge fully admonished Curry *at the hearing on his guilty plea.* Curry stated unequivocally he was not pleading guilty because of any promises made, or any hope of pardon or parole, but solely

---

**3.** The *Strickland* test applies to cases involving guilty pleas. *Culver v. State,* 786 S.W.2d 7, 8

(Tex.App.—Beaumont 1990, pet. ref'd).

because he was guilty of the offense as charged in the indictment. In contrast, *at the hearing on his motion for new trial,* Curry testified he pled guilty because his counsel advised him he would not have to serve a one-fourth mandatory portion of his sentence because he did not use a weapon. Although counsel's advice was erroneous, Curry failed to establish this error prejudiced his defense because: he did not enter his plea on the basis of a plea bargain; he received a complete admonishment; and he stated he was satisfied with his counsel's representation. Point ten is overruled.

 Points fourteen and fifteen concern Curry's claim his trial counsel told him that his prior probation could be used to impeach him if he testified.

At the motion for new trial hearing, Curry and his fiance, Linda Litrell, testified trial counsel advised him that if he testified during the guilt-innocence phase the State could introduce evidence that he had been placed on probation for sexual assault. Curry stated he entered his guilty plea because of this advice. Contrary to the evidence at the motion for new trial hearing, the evidence at the plea hearing shows that immediately after Curry pled guilty, the State took up the issue of prior convictions. When the State sought authorization to introduce evidence of two convictions, for which Curry had successfully completed probation, defense counsel stated:

> We're going to object to 1 and 2 on the basis that State's Exhibit No. 2 indicates that Mr. Curry has successfully completed the terms and conditions of probation.

Because the credible evidence shows Curry entered his plea voluntarily and his trial counsel knew the probated convictions could not be introduced if the terms had been completed, we overrule points fourteen and fifteen.

 Points seventeen, eighteen, and nineteen concern Curry's claims his plea was involuntary and his counsel was ineffective because counsel withdrew his application for probation. Curry could not ask the jury to assess punishment at probation since his prior probation constituted a prior felony conviction, *see* TEX.CODE CRIM.PROC.ANN. art.

42.12, § 4 (Vernon Supp.1993). Points seventeen, eighteen, and nineteen are overruled.

By point sixteen, Curry claims trial counsel was ineffective because he did not call any witnesses to testify for the defense.

 A defendant may base an ineffective assistance claim on an attorney's failure to present witnesses only if he can show their testimony would have benefitted him. *See Ross v. State,* 802 S.W.2d 308, 313 (Tex. App.—Dallas 1990, no pet.). At the motion for new trial hearing, Curry demonstrated certain witnesses were available to testify, but he did not proffer the substance of their testimony or demonstrate it would have benefitted him. Point sixteen is overruled.

 Points eight, twelve, and thirteen concern the effectiveness of counsel during the punishment phase of trial. In deciding the effectiveness of counsel during this phase, Texas courts use the "reasonably effective assistance" standard of *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Crim.App.1980). This standard is not errorless counsel, and not counsel judged ineffective by hindsight, but counsel "reasonably likely to render and rendering reasonably effective assistance." *Cannon v. State,* 668 S.W.2d 401, 402 (Tex. Crim.App.1984).

In his eighth point of error, Curry complains trial counsel should have requested a limiting instruction on extraneous offenses evidence.

 First, we note an isolated failure to object to certain procedural mistakes does not constitute ineffective assistance of counsel. *Johnson v. State,* 629 S.W.2d 731, 736 (Tex.Crim.App.1981); *Wilson v. State,* 730 S.W.2d 438, 444 (Tex.App.—Fort Worth 1987, pet. ref'd). Next, we are mindful the adequacy of counsel's assistance is based upon the totality of the representation. *Johnson v. State,* 614 S.W.2d 148, 149 (Tex. Crim.App. [Panel Op.] 1981).

 Although defense counsel did not request a limiting instruction during the punishment phase, he did request and receive two limiting instructions on the extraneous offense evidence when it was introduced. Counsel may have been trying to minimize

the jury's recollection of this evidence. His decision not to raise the issue again may have been sound trial strategy. Therefore, we hold Curry failed to demonstrate his counsel's actions amounted to ineffective assistance of counsel. We overrule point eight.

In his twelfth and thirteenth points, Curry complains his attorney should have objected to the prosecutor's comment on his failure to testify and the invitation to consider extraneous offense evidence when assessing the sentence.

During final argument, the State argued:

I get a second opportunity to speak to you. I'd like to talk to you a little bit about what Mr. Curry's attorney has told you. He told you about the defendant's plea of guilty, how all of a sudden the defendant just couldn't look at himself any more in the mirror. He just couldn't look at himself any more. He was remorseful and regretful about what had happened. And he decided he would all of a sudden accept responsibility for what he had done. *You don't have any evidence of why the defendant did what he did.* But I ask you to look at the real peculiar timing of his realization that he had done wrong. Is this because he really wanted to accept responsibility, or because he was cutting his losses. He was admitting the inevitable. Isn't it funny how he listens to the State's evidence, he listens to [W.K.] testify, and we get back from lunch and all of a sudden he is guilty. He's cutting his losses. He's hoping that he can throw himself upon your mercy and you'll take care of him.

He hasn't accepted responsibility. He hasn't accepted blame. [Emphasis added.]

The prosecutor made the above argument in response to the following argument of defense counsel:

I also want to tell you that in my heart that I believe that a major first step was taken yesterday by Mr. Curry. That Mr. Curry, when Mr. Curry told you yesterday that he was guilty of what was set forth in the indictment alleging the sexual abuse since September of 1983 that Mr. Curry at that point in time could look in the mirror

and see Don Curry. He wasn't at that point in time attempting to shift any blame or responsibility to anybody but himself. When a problem is made, when a person makes those problems and continues to go through life not accepting that responsibility, in my opinion and in my heart, I believe that a person can never get well. Mr. Curry took the first step yesterday saying that I'm accepting responsibility. I'm standing up in front of a jury of my peers and I'm telling you that I made a mistake. I did wrong and I accept responsibility for that.

. . . .

Maybe every day and every night he was remorseful and regretful. But he knew this day was going to come when it came yesterday and it started on Monday, and yesterday he said I can't take any more. . . . I think that when Don Curry told you yesterday that when he told [W.K.'s] family, her brothers and her mother and the friends that are out there supporting her right now, when he said that I'm guilty, I think that that shows you all that maybe deterrence is really not what we're talking about here.

▇▇▇▇ Jury argument is proper if it falls into one of the following categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) pleas for law enforcement. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988). The invited argument rule permits prosecutorial comment outside the record in response to defense argument which goes outside the record. *Johnson v. State*, 611 S.W.2d 649, 650 (Tex.Crim.App. [Panel Op.] 1981). However, a prosecutor may not stray beyond the scope of the invitation. *Id.* After reviewing the entire argument, we hold the prosecutor's argument answered that of defense counsel.

▇▇▇▇ Therefore, the only basis for excluding the comment is if it impermissibly refers to an accused's failure to testify. Such occurs if the language contained therein is manifestly intended, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to

testify. *See Montoya v. Collins,* 959 F.2d 969 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 820, 121 L.Ed.2d 692 (1992). A challenged jury argument must be viewed from the standpoint of a jury, and if the remark calls the jury's attention to the absence of evidence that only testimony from the appellant could supply, the conviction must be reversed. *Angel v. State,* 627 S.W.2d 424, 426 (Tex.Crim.App. [Panel Op.] 1982).

After reviewing the arguments and authorities, we find, from the standpoint of a lay jury, the argument does not constitute a necessary implication Curry failed to testify on his own behalf.

In contrast to *Johnson,* the argument complained of in this case was not a direct and flagrant reference to what the jury had not heard *appellant* say.[4] *Johnson,* 611 S.W.2d at 650. Rather, it called attention to not hearing any evidence to substantiate defense counsel's assertion Curry entered his guilty plea out of remorse. Here the source of such potential evidence is unspecified. It is a reference to the failure of the defense counsel to present evidence to support his argument concerning Curry's motivation rather than on Curry's failure to testify. In this regard, this case is more similar to *Thomas v. State,* 638 S.W.2d 481, 485 (Tex.Crim.App. 1982), in which the court held the prosecutor's comment implied it was character witnesses who failed to give evidence of the appellant's contrition, and the remark did not constitute a necessary implication that the appellant had failed to testify in his own behalf.[5]

Because the prosecutor's remark was not necessarily a comment on Curry's failure to testify, trial counsel did not have to object to

it to render reasonably effective assistance. Point twelve is overruled.

Curry's thirteenth point concerns the following comment:

[PROSECUTOR:] You heard about relationships that [W.K.] has had problems with. [W.K.] is always going to have to live with the fact that her first sexual experience was with her stepfather. That she has been deprived of giving consent to a man that she loved and having sex with that person. She'll always have to live with the fact that she lost her virginity to her stepfather.

. . . .

I'm telling you that [W.K.] deserves better. She deserves better than what she got from her stepfather. She deserves better. This defendant stole her childhood from age 5 to age 14 while other kids were thinking about playing with toys, playing with friends, doing their homework. [W.K.] had to wonder is today the day that he's going to have sex with me? One of these days in my room, one of these days in the shower? What is he going to do to me today? That's what [W.K.'s] childhood was like. Even a moment in a young girl's life, silly as it sounds, getting a training bra should be exciting. It should be a step towards growing up, your first bra. But this defendant took that moment in her life and he made it something ugly, made it something dirty. Made it something perverted.

. . . .

This defendant forever altered the course of [W.K.'s] life. She has been paying for it ever since. Isn't it time to tell the person who did these things, isn't it

---

4. The complained-of argument in *Johnson* was:

 And another important thing in this ladies and gentlemen is that you never heard Tommy Johnson [appellant] tell Mr. Houston or anybody else that he was sorry for what he did. He never up to now has said "I am sorry I committed this robbery, I confess to it, and I *want you to give me probation",* you never heard him say that.
 *Johnson,* 611 S.W.2d at 649.

5. The complained-of comment was:

 I'll tell you something else you didn't hear. You didn't hear one single solitary bit of contrition on the part of this defendant from his witnesses nor his attorney. He had his wife and sister up there. They didn't tell you, "Boy, he's sorry about this. He's sorry and he wants to do right. He just wishes he hadn't have done it." You didn't hear that. You didn't hear *one single bit of that and I guarantee you* if he was sorry for what he had done—and I submit he is not in the least bit sorry—you would've heard about it from his witnesses.
 *Thomas,* 638 S.W.2d at 482.

time to make him responsible? Make him pay, make [him] suffer. It's his turn. He sentenced [W.K.] to a lifetime of memories, of hurt, and pain, and it may come and go, but it's always, always going to be there. So just think in this case, that justice requires that this defendant be sentenced to a lifetime, life imprisonment for what he's done. Because of what he did, he earned every bit of what you give him. He earned that. And because [W.K.] deserves better. This is what [W.K.] deserves is a life sentence.

This argument constitutes a reasonable summation of the evidence and a plea for law enforcement. Defense counsel had no ground to object to it. The extraneous offenses evidence was in the record, trial counsel objected to the evidence when it was offered and admitted, and Curry does not now complain about the trial court's ruling on its admission. Point of error thirteen is overruled.

The judgment is affirmed.