TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00625-CR







Herman White, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0944273, HONORABLE MACE B. THURMAN, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of indecency with a child by contact and aggravated
sexual assault of a child. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen.
Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended); Act of May 26, 1987, 70th Leg.,
R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d
C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). 
The district court assessed punishment for each offense, enhanced by a previous felony conviction,
at imprisonment for fifty years.

 In his only point of error, appellant contends the district court erred by instructing
the jury that the limitations period for aggravated sexual assault of a child is ten years. Appellant
asserts that the limitations period is actually five years. 

 The limitations period for an aggravated offense is the same as that provided for
the primary crime. Tex. Code Crim. Proc. Ann. art. 12.03(d) (West Supp. 1995). The
limitations period for sexual assault of a child is ten years. Tex. Code Crim. Proc. Ann. art.
12.01(2)(D) (West Supp. 1995). Applying article 12.03(d), the limitations period for aggravated
sexual assault of a child is also ten years. This Court and at least one other court of appeals have
so held. Decker v. State, 894 S.W.2d 475, 479-80 (Tex. App.--Austin 1995, pet. ref'd); Curry
v. State, 861 S.W.2d 479, 482 (Tex. App.--Fort Worth 1993, pet. ref'd).

 Appellant relies on the opinion in Gottlich v. State, 822 S.W.2d 734, 740 (Tex.
App.--Fort Worth 1992, pet. ref'd). Insofar as that opinion holds that the limitations period for
aggravated sexual assault of a child is five years, it was disavowed by the Fort Worth court in
Curry. 861 S.W.2d at 482 n.2. Appellant also refers us to Gallegos v. State, 756 S.W.2d 45,
47 (Tex. App.--San Antonio 1988, pet. ref'd). The indictment in that case, however, was
presented before article 12.01 was amended to extend the limitations period for sexual assault of
a child to ten years.

 The point of error is overruled and the judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 12, 1995

Do Not Publish