In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-212 CR


NO. 09-08-213 CR


NO. 09-08-214 CR


____________________



EX PARTE JEFFREY A. KLEM






On Appeal from the Criminal District Court 


Jefferson County, Texas


Trial Cause Nos. 07-01412-A, 07-01413-A, 07-01414-A






OPINION


 These are accelerated appeals from the trial court's denial of the appellant Jeffrey A.
Klem's (Klem) applications for writ of habeas corpus. Klem contends his guilty pleas were
unknowing and involuntary because they were induced by promises and representations made
to him by his attorneys regarding the disposition of two separate but similar cases pending
in Harris County, Texas. We affirm the trial court's ruling. 

FACTUAL BACKGROUND


 In December of 2006 Klem was indicted on three counts of Indecency with a Child
in Jefferson County, Texas. In July of 2007, Klem was indicted on two counts of Indecency
with a Child in Harris County, Texas. Pursuant to a plea bargain agreement on August 14,
2007, Klem pled guilty in all three Jefferson County cases to Injury to a Child, in violation
of section 22.04(a)(2) of the Texas Penal Code, and received ten years deferred adjudication
along with the requirements that he comply with certain community supervision restrictions. 
See Tex. Penal Code Ann. § 22.04(a)(2) (Vernon Supp. 2008). In exchange for his guilty
pleas, the charges of Indecency with a Child were dismissed. 

 Upon request by the State at the plea hearings, Klem was orally admonished by the
trial court as to the specific enumerated terms and conditions of probation that the State was
requiring as part of the plea agreement and Klem verbally responded on the record that he
understood each of the terms and conditions and verbally accepted them. Thereafter, Klem
pled guilty in each cause and in each, he was given extensive oral and written admonishments
by the trial court to determine whether his plea was made knowingly and voluntarily in
accordance with article 26.13 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2008). As part of the oral admonishments by
the trial court, the judge asked Klem if he had read the information and discussed it fully with
his attorneys and asked, "You swear under oath you've committed each and every element
alleged in the information?" Thereafter, Klem responded, "[Y]es, sir."

 After Klem entered his pleas of guilty with respect to each of the three charges, and
the Court found that each guilty plea was made knowingly and voluntarily, the Court asked
again:

 THE COURT: Mr. Klem, I'm going to ask you: Did you understand
everything that happened today?


 THE DEFENDANT: Yes, sir.


 THE COURT: You are on deferred or unadjudicated probation for three 
separate offenses. You understand that?


 THE DEFENDANT: Yes, sir.


 THE COURT: Is there anything about any of the statements that were made,
the rights you have given up, the issues of law that we have discussed that you
need clarification or further discussion over?


 THE DEFENDANT: No, sir.


 THE COURT: All right. You insist on pleading guilty to each of these three
cases today?


 THE DEFENDANT: Yes, sir.


 THE COURT: All right. Anything further from either of the parties at this
time on the record?


 DEFENSE COUNSEL: Not from the defense, Your Honor.


Significantly, while Klem was represented at the Jefferson County plea hearings by both his
Jefferson County counsel and Harris County counsel, no condition of the two pending Harris
County cases was ever mentioned to the trial judge or otherwise discussed during the
Jefferson County plea hearings other than in the written plea agreement. The only plea
agreement term relating to the Harris County cases expressly provided that the Jefferson
County sentences would run concurrently with each other and with those which may be
entered in the Harris County cases. 

 Two days after Klem pled guilty in Jefferson County, Klem's Harris County counsel
and the Harris County prosecutor approached the trial judge about making Klem the same
offer in Harris County that he had been given in Jefferson County. At that point in time, the
judge stated she would not accept such a plea agreement. Immediately following the judge's
rejection of the proposed plea agreement, the Harris County prosecutor met with Klem's
attorneys, all of whom were present at the docket call, to discuss the disposition of the Harris
County cases. According to the attorneys, the prosecutor stated she would dismiss the Harris
County cases, but that she would need to meet with the complainants first. Some time later,
the prosecutor refused to dismiss the Harris County charges. The record does not clearly
show when Klem or his attorneys first learned that the Harris County cases would not be
dismissed and the testimony is conflicting. 

 On January 24, 2008, Klem filed applications for writ of habeas corpus claiming his
pleas in Jefferson County were unknowing and involuntary because he was

 (1) induced to plead guilty based on [the Harris County prosecutor's]
representation that if Klem pled in the [Jefferson County] cases, he would get
the same deal in Harris County or the cases would be dismissed, which never
occurred, in violation of the due process clauses of the Fifth and Fourteenth
Amendments of the United States Constitution and Article I, Section 13 and
19 of the Texas Constitution as well as Santobello v. New York, 404 U.S. 257
(1971), and its progeny[, and] 


 (2) induced to plead guilty based on his lawyers' representations, regardless of
what [the Harris County prosecutor] in fact said, in violation of the effective
assistance of counsel clauses of the Sixth and Fourteenth Amendments of the
United States Constitution and Article I, Section 10 of the Texas Constitution
as well as Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. 


After a hearing, the trial court denied Klem's applications for writ of habeas corpus and these
appeals ensued. We note that on appeal, Klem is contending his pleas of guilty to the
Jefferson County charges were not knowing or voluntary because they were induced by
misrepresentations by his counsel--that regardless of any agreements his attorneys actually
had with prosecutors, he was induced to plead guilty by his lawyers' promises that, if he
pleaded guilty in Jefferson County, he would receive the same outcome in similar cases
pending in Harris County or the Harris County cases would be dismissed. (1) 

 On April 4 and 23, 2008, an evidentiary hearing was held in Jefferson County on
Klem's writ of habeas corpus applications. Both the Harris County and Jefferson County
prosecutors testified at the evidentiary hearing. In addition, Klem supported his applications
with the affidavits of Klem's trial attorneys setting forth the representations that had been
made to them by the Harris County prosecutor regarding the disposition of the Harris County
cases, as well as the representations they had made to Klem regarding the same. The
attorneys' affidavits were reviewed and considered by the trial court, along with the court's
own recollection of the events. 

 Klem's Jefferson County counsel stated in an affidavit that he had advised Klem to
explore the possibility of plea negotiations to avoid trials and the possibility of prison time. 
According to counsel, Klem agreed and did not want to be exposed to the possibility of being
convicted and spending time in prison. Additionally, counsel stated that one of the main
concerns during plea negotiations was to avoid the requirement of registration as a sex
offender. As a result of the plea negotiations, the Jefferson County prosecutor agreed to
dismiss the pending Indecency with a Child cases, in exchange for guilty pleas to the charge
of Injury to a Child in the three Jefferson County cases. (2) It was Klem's Jefferson County
counsel's concern that the same deal should be struck in the two pending Indecency with a
Child cases in Harris County. However, Klem's Harris County counsel was negotiating with
the Harris County prosecutor. 

 Klem's Jefferson County counsel also stated that in the days immediately preceding
the finalization of the Jefferson County plea agreement, he had conversations with the
Jefferson County prosecutor expressing a desire that he contact Harris County to "confirm
that an agreement in Harris County would not be more onerous than the agreement in
Jefferson County." According to Klem's counsel, the Jefferson County prosecutor informed
him that the Harris County prosecutor was in agreement with making the same offer that the
prosecutor made in Jefferson County. The Jefferson County counsel stated that after learning
that the Harris County prosecutor was on board with making the same offer in Harris County,
he requested that the Jefferson County prosecutor obtain an agreement from the Harris
County prosecutor in writing. However, the Jefferson County prosecutor ultimately informed
Klem's Jefferson County counsel that there was a "glitch" in the negotiations in Harris
County because the prosecutor did not want to put an agreement in writing and needed to
speak with the Harris County judge about the plea. The Jefferson County prosecutor testified
that shortly before the guilty pleas in Jefferson County, he called Klem's Jefferson County
counsel and told him that there was no deal in place in Harris County, and the Jefferson
County counsel said Klem wanted to go through with the plea anyway. The Jefferson County
counsel stated that further discussions took place between the Jefferson and Harris County
prosecutors and that his understanding was that the Harris County prosecutor ultimately
agreed that if the judge in Harris County would not honor the same plea offer and agreement,
the prosecutor would dismiss the Harris County cases. However, no written plea bargain
agreement was ever obtained in Harris County nor was any agreement with Harris County
ever made a condition of the Jefferson County plea agreement except as previously noted
herein. 

 The Jefferson County counsel further stated in his affidavit that he spoke with the
Jefferson County prosecutor again on the day prior to the Jefferson County plea hearing and
told the Jefferson County prosecutor he had advised Klem that the Harris County prosecutor
would offer the same deal in Harris County or dismiss the cases. According to counsel, the
Jefferson County prosecutor agreed that if the Harris County prosecutor, or judge, did not
want to follow the same agreement as in Jefferson County, then the Jefferson County
prosecutor would agree to a motion for new trial in Jefferson County. (3) The Jefferson County
counsel related this information to Klem prior to his guilty plea. In the Jefferson County
counsel's affidavit, he stated, "[The Harris County counsel] and I related to [Klem] that if
the prosecutor reneged on her agreement then we could file a motion for new trial on the
cases in Jefferson County, and the Jefferson County prosecutor would agree to it." The
Jefferson County counsel averred that after he learned that Harris County would not dismiss
the cases, the Jefferson County prosecutor informed him that he would not oppose a motion
for new trial in Jefferson County if Klem filed one. The Jefferson County counsel further
averred that both he and Klem's Harris County counsel related such information to Klem "in
a timely fashion and [Klem] elected not to seek a new trial." Klem's Harris County counsel
provided sworn testimony by affidavit stating, "[The Jefferson County counsel] and I told
[Klem] the Harris County District Attorney would fulfill the agreement, or he could file a
motion for new trial and the Jefferson County DA would not oppose it." 

 Klem, in his affidavit, does not dispute that his attorneys told him that he "could file
a new trial motion, and the Jefferson County District Attorney would not oppose it, if the
Harris County District Attorney's Office did not follow through with the deal," but contends
that the deadline passed before the deal fell through. Klem's affidavit stated as follows:

 My lawyers and I never filed a motion for new trial because I understood the
Harris County District Attorney to say, after [the] Judge . . . rejected the same
plea agreement that I had in Jefferson County, that the Harris County cases
would be dismissed. The new trial motion deadline therefore passed before it
became apparent I would not receive in Harris County the same deal I got in
Jefferson County or a dismissal. 


 On March 11, 2008, while Klem's habeas applications were still pending, a pretrial
motion hearing took place in the Harris County cases. At this pretrial motion setting, the
Harris County prosecutor, who was then handling the Harris County cases, and newly
retained Harris County counsel for Klem, approached the Harris County judge to discuss a
possible plea agreement. In light of the pending applications for habeas relief, the prosecutor
asked the judge if she would accept a plea and agree to deferred adjudication for Klem if 1)
the prosecutor dismissed the Indecency with a Child cases; and 2) filed Injury to a Child
cases, tracking the language of the Injury to a Child informations in Jefferson County. The
judge indicated she would accept a guilty plea under those circumstances, however, Klem
would have to state that he committed the acts as stated in the information. After taking a
break to meet with his client, the new Harris County counsel informed the court that Klem
would not agree to verbally state, in conjunction with his guilty plea, that he had touched the
breast or touched the genitals of either of the complainants. (4) The judge refused to accept the
plea agreement under any other circumstances. The Harris County cases remained pending
when Klem's applications for habeas corpus were heard in April of 2008.

 The Harris County prosecutor testified regarding the State's position that Klem was
ultimately offered the same deal in Harris County that he got in Jefferson County (deferred
adjudication for a plea of guilty on injury to a child charges in both cases), but Klem rejected
it because of the trial judge's condition that he verbally state his wrongdoing as set forth in
the information. Harris County contended at the habeas hearing that it had lived up to the
oral agreement. Following a full evidentiary hearing, the trial court denied the relief
requested in the habeas corpus application. 

 The trial court issued a written order setting forth comprehensive and cogent findings
of fact and conclusions of law. In its findings of fact the court found that "[t]he only plea
agreement term relating to the Harris County cases expressly provided that the Jefferson
County cases would run concurrently with each other and the Harris County cases." The
court found that "[n]othing else relating to the Harris County cases was ever mentioned on
the record by the Defendant or the attorneys as part of the guilty plea hearing . . . ." In
addition, the court made the following findings of fact:

 8. This Court finds that Klem, his attorneys, and the State's legal counsel all
had ample opportunity to inform the Court during the guilty plea proceeding
if the disposition of the Harris County cases had actually been material and
conditional to the plea agreements submitted in these cases, except to the
extent the cases would run concurrently. Courts must rely on candor of the
attorneys. There was no hint to the Court by any of the parties that there might
be other plea agreement terms not included in the written plea agreement.

 9. Upon reliance of the representation of the parties, the Court considered and
accepted the plea agreement in these cases which, in relation to the Harris
County cases, only stated that the Jefferson County cases would run
concurrently with the Harris County cases. It cannot be emphasized enough
that nothing more was expressed by the parties in this regard. 


 10. Affidavits in this matter were filed by Klem and his attorney who
represented him at the guilty plea hearings. Those affidavits tend to support
Klem's Applications. However, this Court finds that those affidavits directly
contradict the affiants' express and implied assertions to the Court made at the
guilty plea hearing. Applicant failed to present any plausible reasons for the
disparities. 

 The Court concluded that Klem failed to make the requisite showing for ineffective
assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984) and that "any discussions, representations, or communications between
Klem and his attorneys concerning the potential dispositions of his Harris County cases, if
such occurred, did not induce Klem to involuntarily or [unknowingly] plead guilty in these
cases." The court also concluded that "they were opinions and predictions concerning
potential outcomes of the Harris County cases." The court further stated,

 H. This conclusion is corroborated by the information presented by Klem's
attorney at the hearing on April 23, 2008. There, it was presented that,
subsequent to the entry of guilty pleas in the Jefferson County cases, and at the
time of the hearings on these Applications, Klem's attorneys have been
negotiating over the plea agreement terms of the Harris County cases. Those
negotiations appear to be, even now, evolving and involve terms distinct from
and different than the Jefferson County plea agreements. Klem fails to show
that there was a material condition of the plea agreements in these cases that
the Harris County cases would be disposed of similar to the Jefferson County
cases.

 I. Under oath, Klem pleaded guilty in all three cases. He signed sworn
documents admitting he understood the charges, had discussed them with his
attorneys, and he had committed each and every element alleged in the
charges. Klem orally reaffirmed all these representations in open court. In
view of the clear admonishments given by this Court during the plea hearing,
which both Klem and his attorneys acknowledged they understood, Klem
cannot credibly contend that his guilty pleas in these cases were involuntary
or unknowing, and that he was denied effective assistance of legal counsel. 
See Messer v. State of Texas, 757[] S.W.2d 820, 826 (Tex. App.-Houston [1st
Dist.] 1988). The statements made to Klem by his defense counsel
surrounding his guilty pleas in these cases, about the potential dispositions of
the Harris County cases, simply constituted counsel's predictions about their
hoped-for outcome. Id. They were not conditions of the plea agreements in
these cases. Klem fails to overcome the presumptions that his guilty pleas
were voluntary and knowing.

ISSUES AND STANDARD OF REVIEW


 "We generally review a trial court's decision to grant or deny relief on a writ of habeas
corpus under an abuse of discretion standard . . . ." Ex parte Cummins, 169 S.W.3d 752, 755
(Tex. App.--Fort Worth 2005, no pet). In reviewing the trial court's decision, we review the
facts in the light most favorable to the trial judge's ruling. Ex parte Peterson, 117 S.W.3d
804, 819 (Tex. Crim. App. 2003), overruled in part on other grounds by Ex parte Lewis, 219
S.W.3d 335, 371 (Tex. Crim. App. 2007). We "'afford almost total deference to the trial
court's determination of the historical facts that the record supports especially when the trial
court's fact findings are based on an evaluation of credibility and demeanor.'" Peterson, 117
S.W.3d at 819 (quoting Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); see
also Arreola v. State, 207 S.W.3d 387, 391 (Tex. App.--Houston [1st Dist.] 2006, no pet.). 
This deferential review applies even when "no witnesses testify and all of the evidence is
submitted in written affidavits." Ex parte Wheeler, 203 S.W.3d 317, 325-26 (Tex. Crim.
App. 2006). 

 "We afford the same amount of deference to the trial judge's rulings on 'application
of law to fact questions' if the resolution of those ultimate questions turns on an evaluation
of credibility and demeanor. If the resolution of those ultimate questions turns on an
application of legal standards, we review the determination de novo." Ex parte Urquhart,
170 S.W.3d 280, 283 (Tex. App.--Dallas 2005, no pet.)(citing Ex parte Peterson, 117 S.W.3d
at 819). In a habeas proceeding, the applicant has the burden of proving that an error
contributed to his or her conviction or punishment. Ex parte Williams, 65 S.W.3d 656, 658
(Tex. Crim. App. 2001); Ex parte Cummins, 169 S.W.3d at 757. We view the record in its
entirety to determine whether the trial court abused its discretion in finding that Klem's guilty
plea was knowing and voluntary. See Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim.
App. 1975). An applicant for habeas corpus must prove his allegations by a preponderance
of the evidence. Ex parte Galvan, 770 S.W.2d 822, 823 (Tex. Crim. App. 1989). 

 "A guilty plea's validity depends on whether it was entered voluntarily, knowingly,
and intelligently, but if it was entered upon the advice of an attorney, its validity depends on
whether counsel was reasonably competent and rendered effective assistance." Gonzales v.
State, 963 S.W.2d 844, 848 (Tex. App.--San Antonio 1998, no pet.) (citing Curry v. State,
861 S.W.2d 479, 483 (Tex. App.--Forth Worth 1993, pet. ref'd)). "To successfully attack
a guilty plea on the basis of ineffective assistance of counsel, Appellant must show that
counsel's alleged deficiencies, i.e. incompetency, resulted in the plea being unknowingly and
involuntarily made." Id. (citing Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203
(1985)). We find no error by the trial court in denying Klem's applications for habeas corpus
on this ground as there was nothing presented to the trial court that would establish
ineffective assistance of counsel nor does Klem argue this on appeal. Instead, Klem argues
a lesser standard. Klem argues on appeal that regardless of any agreements his attorneys
actually had with the Harris County prosecutors, his guilty pleas in Jefferson County were
induced by his lawyers' representations that he would receive the same outcome in the Harris
County cases or those cases would be dismissed. Klem argues that the Harris County court
then refused to accept his Alford (5) pleas and the prosecutor further refused to dismiss the
cases. Because the Harris County charges were not resolved as Klem's counsel represented
to him they would be, Klem contends his guilty pleas in Jefferson County were unknowing
and involuntary. 

 APPLICATION


 "Generally, a guilty plea is considered voluntary if the defendant was made fully
aware of the direct consequences of his plea." Courtney v. State, 39 S.W.3d 732, 736 (Tex.
App.--Beaumont 2001, no pet.) (citing State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim.
App. 1999)). "Written admonishments signed by the defendant and the reporter's record
showing that the defendant orally represented to the court that he understood the admonitions
constitute a prima facie showing that the plea was voluntary." Id. (citing Fuentes v. State,
688 S.W.2d 542, 544 (Tex. Crim. App. 1985)). If a defendant is duly admonished, the
burden then shifts to the defendant to show he entered his plea without understanding the
consequences, such that he suffered harm. Id. (citing Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998)). Once the defendant attests that he understands the nature of his
plea and that it was voluntary, he has a heavy burden to prove on appeal his plea was
involuntary. Id. (citing McNeill v. State, 991 S.W.2d 300, 302 (Tex. App.--Houston [1st
Dist.] 1999, pet. ref'd)).

 The trial court thoroughly discussed the plea agreement with Klem and orally
admonished Klem regarding the specific terms of his probation under the plea agreement. 
Klem stated that he signed the written plea agreement voluntarily and had discussed it with
his attorneys. Klem stated under oath that he was pleading guilty voluntarily and because he
was guilty. Klem swore under oath that he had committed each and every element alleged
in the information. He also stated that he was completely satisfied with the representation
of his legal counsel. We note that after accepting all Klem's guilty pleas, the Court
specifically asked Klem, "[i]s there anything about any of the statements that were made, the
rights you have given up, the issues of law that we have discussed that you need clarification
or further discussion over?" Klem replied, "No sir." The Court's admonishments and
Klem's statements to the trial court constitute a prima facie showing that Klem's pleas were
voluntary thereby shifting the burden to Klem to show otherwise.

 A guilty plea may be found invalid if it is induced by erroneous advice or
misrepresentations by defendant's counsel or some other officer of the Court. See Ex parte
Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984); see also Messer v. State, 757 S.W.2d
820, 824 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). The only mention of the Harris
County cases in the written plea agreement provided that the Jefferson County cases would
run concurrently with each other and the Harris County cases. There was no other reference
to the Harris County cases or their disposition in the Jefferson County plea papers.
Additionally, neither Klem, nor his attorneys ever mentioned, discussed, or otherwise raised
the issue of disposition of the Harris County cases at the Jefferson County plea hearing. The
trial court found that Klem, his attorneys, and the State's legal counsel all had ample
opportunity to inform the Court during the guilty plea proceeding if the disposition of the
Harris County cases had actually been material or conditional to the Jefferson County plea
agreement. The Court found significant that the Harris County cases were not discussed at
the hearing and that none of the parties mentioned that there might be other plea agreement
terms not included in the written plea agreement. 

 It is equally significant that the record establishes that negotiations regarding the
disposition of the Harris County cases were ongoing at the time of the Jefferson County plea
hearing. As set forth above, no plea agreement existed in Harris County at the time of the
Jefferson County plea hearing. This fact was related to Klem prior to the Jefferson County
plea hearing and his counsel indicated Klem still wanted to go through with the plea
agreement. Thus, the trial court could have found that Klem was not induced to plead guilty
to the Jefferson County charges because of any representations regarding the probable
outcome of the Harris County charges. The trial court found the representations made by
Klem's attorneys with respect to the disposition of the Harris County cases were their
predictions, based on the on-going negotiations with Harris County regarding the probable
disposition of those cases. See Messer, 757 S.W.2d at 826-27. (6)
 

 Further, while the Jefferson and Harris County counsel advised Klem prior to his
guilty plea that he should receive the same deal in Harris County that he got in Jefferson
County or those cases would be dismissed, the record also establishes that they contemplated
the possibility that the Harris County prosecutor might "renege" on this alleged oral
agreement and provided a contingency plan in that instance. Specifically, Klem's Jefferson
County counsel stated in his affidavit:

 I spoke with [the Jefferson County prosecutor] again on the day prior to the
plea, told him that I had so advised [Klem] [that he would be given the same
deal in Harris County or the prosecutor would dismiss the cases], and he
agreed that if the Harris County Prosecutor, or judge, did not want to follow
the same agreement as in Jefferson County, then he would agree to a motion
for new trial in Jefferson County. Both [the Harris County counsel] and I
related that information to [Klem]. [The Harris County counsel] and I related
to [Klem] that if the prosecutor reneged on her agreement then we could file
a motion for a new trial on the cases in Jefferson County, and the Jefferson
County prosecutor would agree to it. The plea agreement was finalized
immediately thereafter in Jefferson County.


 . . . .

 

 I learned that [the Harris County prosecutor] then took the position that she
would not dismiss the cases in Harris County, despite the fact that she had
stated that she would dismiss the cases in the event that [Klem] entered into a
plea agreement in Jefferson County. [The Jefferson County prosecutor]
thereafter informed me that the State would not oppose a motion for new trial
if [Klem] filed one . . . . [The Harris County counsel] and I also related that
information to [Klem] in a timely fashion and he elected not to seek a new
trial.

At the time Klem entered his guilty pleas he was aware, as per his discussions with his
counsel, that the Harris County prosecutor may ultimately refuse to dismiss the cases. Klem
chose to plead guilty in Jefferson County, irrespective of the fact that there was no binding
agreement in place in Harris County. 

 Finally, we note that upon learning that the prosecutor had in fact refused to dismiss
the cases, Klem chose not to file a motion for new trial. The pretrial setting on the Harris
County cases occurred on August 16, 2007, only two days after Klem's guilty plea was
entered in Jefferson County. It is undisputed that the trial judge rejected the proposed plea
agreement at the August 16th hearing and that the prosecutor did not dismiss the cases
immediately following the court's rejection of the proposed plea agreement. (7) Klem's
Jefferson County counsel stated under oath that upon learning that the prosecutor would not
dismiss the cases, he and [the Harris County counsel] informed Klem of the prosecutor's
position that the cases would not be dismissed "in a timely fashion" and told Klem that [the
Jefferson County prosecutor] would not oppose a motion for new trial in Jefferson County,
yet Klem "elected not to file" a motion for new trial. (8) Thus, the trial court could have found
this as evidence that Klem was not induced to plead guilty in Jefferson County because of
any representations regarding the probable disposition of the Harris County charges.

 Klem failed to meet his burden of showing that his guilty pleas in Jefferson County
were induced by his attorneys' representations regarding the disposition of the Harris County
cases. Viewing the record in its entirety, we find that the trial court did not abuse its
discretion in concluding that Klem did not meet his heavy burden of showing that his guilty
pleas in Jefferson County were unknowing and involuntary.

 The judgment of the trial court is AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 24, 2008

Opinion Delivered October 22, 2008

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.

 
1. Although Klem appeals the trial court's ruling on his applications for writ of habeas
corpus, Klem is no longer asserting either his Santobello breach of plea bargain argument or
his Strickland ineffective assistance of counsel arguments as asserted before the trial court.
2. The injury to a child charges do not require registration as a sex offender under Texas
law. 
3. The Jefferson County prosecutor disputed this testimony at the hearing on Klem's
applications for writ of habeas corpus and testified that any discussions that he had with
Klem's Jefferson County counsel about potential motions for new trial came after the plea
and were related to something totally different.
4. As part of his plea of guilty to the Jefferson County charges, Klem admitted in open
court that he was guilty of each and every element alleged in the information.
5. Klem contends that his guilty pleas in Jefferson County were Alford pleas. 
Accordingly, Klem cites North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 
(1970)), for his contention that an Alford plea is a plea in which a person claiming innocence
might nevertheless enter a binding guilty plea when he fears that a jury may find him guilty,
despite his claim of innocence, and impose a harsher sentence than the one offered in the plea
bargain. Accordingly, Klem asserts on appeal that while he answered affirmatively when the
trial court asked him if he was pleading guilty because he was guilty, "he answered
affirmatively in the context of a litany of routine, perfunctory plea questions, and nothing in
the colloquy indicates he knew what an Alford plea was or that he could enter such a plea." 
Klem contends that because the Harris County trial judge would require Klem at the plea
hearing to state his wrongdoing on the record as stated in the information, the court thus
rejected Klem's Alford plea, which Klem contends was the same type of plea he entered in
Jefferson County. Our review of the record shows anything but a litany of routine,
perfunctory plea questions and, as noted earlier, when asked by the court in Jefferson
County, Klem admitted that he was guilty of each and every element of the offenses set forth
in the informations after the court had previously read the contents of at least one information
aloud in its entirety.
6. Klem argues that Messer is different from the present case in that in Messer the trial
court asked appellant whether he was offered or promised anything to induce his plea,
whereas the Jefferson County trial court never asked Klem whether he was offered or
promised anything to induce his plea. We submit that such questions were obviously not
asked by the trial court here because the trial court was aware that Klem was in fact entering
his guilty plea based on a written plea agreement reached with the Jefferson County
prosecutor. The discussions and admonishments by the Court centered around Klem's
understanding of this agreement and the consequences of the Court's acceptance of that
agreement. While the facts of Messer are not completely identical to the facts of the case at
bar because Messer involved an open plea, the rationale employed by the court in Messer and
legal principles behind the court's rationale are equally applicable here. 


The court in Messer ultimately concluded "[i]n view of the clear admonitions given by the
trial court before the plea, which both the appellant and his counsel admit they understood,
appellant cannot credibly contend that his plea was involuntary and that he was denied
effective assistance of counsel." Messer, 757 S.W.2d at 826. The same can be said here
where the court throughly admonished Klem. Notably, Klem does not complain on appeal
that the trial court's admonishments were improper. The record establishes that the trial
court properly admonished Klem regarding the voluntariness of his guilty plea, the terms and
conditions of his probation under the deferred adjudication, and the consequences of the
Court's acceptance of the plea agreement. 


7. Following the August 16, 2007, hearing, the prosecutor represented to counsel that
she would dismiss the Harris County cases. However, the prosecutor also stated she would
have to speak with the complainants first and expressed her opinion that the option of
dismissing the cases "sucks." This, in and of itself, should have indicated that the cases may
ultimately not be dismissed, a situation already contemplated by Klem's attorneys and
explained to Klem. 
8. Klem stated in his affidavit that the new trial motion deadline passed before it
became apparent that he would not receive the deal he got in Jefferson County or a dismissal. 
Klem's Jefferson County counsel's affidavit, which the trial court viewed as one of "honesty
and candor" contradicts Klem's position.