

NUMBER 13-13-00012-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUSTIN COTTON,                                                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides**

On January 3, 2010, appellant, Justin Cotton, pleaded guilty to burglary of a

habitation pursuant to a plea agreement in which the State recommended an eight-year

prison sentence to run concurrently with sentences imposed in other pending cases.

*See* TEX. PENAL CODE ANN. § 30.02(a) (West, Westlaw through 2013 3d C.S.).   Cotton

raises three issues on appeal: (1) the trial court abused its discretion by setting punishment at twelve years' confinement instead of the eight-year sentence offered by the State; (2) the trial court erred by not giving the District Attorney the opportunity to withdraw the original plea offer when the trial court placed Cotton on deferred adjudication; and (3) Cotton's counsel was ineffective at the initial hearing and at the motion to revoke community supervision hearing. We affirm.

## I.   BACKGROUND

On September 30, 2010, Cotton was charged with three different crimes: burglary of a habitation, *id.* § 30.02(a), which carried a sentence of two to ten years; possession of cocaine, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2013 3d C.S.), which carried a sentence of two to ten years; and burglary of a building, which carried a sentence of six months to two years in jail. *See* TEX. PENAL CODE ANN. § 30.02(a) (West, Westlaw through 2013 3d C.S.). The State recommended an eight-year prison sentence to be served in the Institutional Division of the Texas Department of Criminal Justice for burglary of a habitation and a twelve-month confinement for burglary of a building. Cotton pleaded guilty in accordance with the agreement. However, before the trial court accepted his plea, Cotton asked to address the Court and requested a drug treatment program instead of prison for the possession of cocaine charge:

> [Court]:    You understand that if I send you to drug treatment, you're probably going to be incarcerated longer than if I just follow the State's recommendation in this case?
>
> [Cotton]:    If I need help . . .   You know, I want to get some help.   You know, I wanted to go open plea and

2

> try to get drug treatment, but they told me that it wasn't going to be a good idea. They said instead I would probably get max [twenty] years.
>
> . . . .

[State]:    No. That's not what was discussed with Mr. Cotton. He had a choice to do an open plea or a plea bargain.

[Defense]:    He was told he was facing [twenty] and he could get it if he went open to the Court. That's what he was told.

The trial court then deferred a finding of guilt and placed Cotton on deferred adjudication community supervision for a five-year term, explaining to him:

[Court]:    [Y]ou understand that if you violate the terms and conditions of probation the Court can revoke your community supervision and find you guilty of the offense of burglary of a habitation, and sentence you up to [twenty] years in prison[?]

[Cotton]:    Yes, sir.

Cotton did not thereafter object or ask to withdraw his plea.

After Cotton failed to successfully complete the program at the Transitional Treatment Center in Victoria, Texas, the trial court imposed sanctions on Cotton and ordered him to an Intermediate Sanction Facility (ISF) on December 15, 2011. He was released from ISF on March 7, 2012 and continued on community supervision.

On July 16, 2012, the trial court sanctioned Cotton for a second time to a repeat offender caseload, substance abuse intensive caseload, and outpatient intensive caseload. On October 4, 2012, Cotton received a violation report for failure to report to the community supervision officer during the months of July, August, and September; failure to report any change in his residence, job, or job status; failure to submit to the

3

treatment center; and failure to report to the probation department.

On November 30, 2012, at the hearing on the State's motion to revoke, Cotton argued for "a sentence on the bottom range of the sentencing guideline," but made no mention of the eight-year term of the original plea offer. The State argued, without objection, for an eleven-year sentence. The trial court then revoked Cotton's deferred-adjudication community supervision, found him guilty of burglary of a habitation, and sentenced him to twelve years in the Institutional Division of the Texas Department of Criminal Justice. Although Cotton objected to the harshness of the sentence and asked for credit for time served, he neither objected that the current sentence was greater than the original plea agreement, nor asked to withdraw his guilty plea.

## II.    WAIVER

By Cotton's first issue, he argues that the trial court abused its discretion in imposing a twelve-year sentence instead of the original plea agreement the State offered of eight years.

### A.  Preservation of Error

To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). As a general rule, an appellant may not complain of an error pertaining to his sentence or punishment if he has failed to object or otherwise raise error in the trial court. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986*); see Lanum v. State,* 952 S.W.2d 36, 40 (Tex. App.—San Antonio 1997, no pet.) (determining that issue was waived where the defendant never requested permission to withdraw his plea at the hearing when the trial court failed to follow the probation officer's recommended

4

sentence), *cf. Papillion v. State*, 908 S.W.2d 621, 623 (Tex. App.—Beaumont 1995, no pet.) (holding defendant preserved issue by timely filing a motion for new trial even though he failed to object at sentencing or request to withdraw his plea).

## B. Discussion

Cotton never raised any complaint in the trial court regarding the court's failure to follow the plea bargain. Cotton raises this complaint for the first time on appeal. However, Cotton not only failed to object, but acquiesced to the sentence by failing to object on the grounds that the twelve-year sentence was greater than the original eight-year sentence. Because Cotton failed to preserve error, we overrule his first issue. *Mercado,* 718 S.W.2d at 296.

### III. INTERVENING DEFERRAL OF ADJUDICATION ON A PLEA BARGAIN

Cotton's second issue is that the trial court erred by sentencing him outside the guidelines of the articulated plea agreement.

## A. Applicable Law

"When a defendant pleads guilty pursuant to a plea bargain, *the court shall inform the defendant whether it will follow or reject such agreement* in open court and before any finding on the plea." *Ditto v. State,* 988 S.W.2d 236, 238 (Tex. Crim. App. 1999) (emphasis in original). Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West, Westlaw through 2013 3d C.S.). By imposing a punishment that comports exactly with the terms of a plea agreement, a trial court informs an appellant by its actions that it is following an agreement. *Ditto,* 988 S.W.2d at 238. Even if a trial court is viewed as rejecting a plea agreement by sentencing a defendant to

deferred adjudication community supervision, a defendant could withdraw his plea at that point.    *Id.* at 238 & n.4.

Here, however, the trial court never accepted the plea bargain because Cotton requested drug treatment and deferred adjudication at the hearing instead.   Since the trial court rejected the plea bargain, it is restricted in the sentence it imposes only by the relevant statutory limits.   *See* TEX. PENAL CODE ANN. § 12.01 (West, Westlaw through 2013 3d C.S.)*; Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex. Crim. App. 1991); *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (noting that even if parties purport to have a plea bargain as to the sentence to be assessed after adjudication, the trial court is not bound by agreement after adjudication).

Assuming arguendo that the trial court had accepted the plea agreement, a plea bargain will not continue to protect a defendant who receives deferred-adjudication community supervision if the trial court proceeds to adjudication at a later date.   *Ex parte Broadway,* 301 S.W.3d 694, 698 n.10 (Tex. Crim. App. 2009).   If a defendant violates the terms of the deferred-adjudication community supervision, the court will no longer be limited by the procedures of article 26.13, which require that the trial court sentence in accordance with the plea agreement or allow the defendant to withdraw the plea.   *Id.* Therefore, the trial court need not assess punishment in accordance with any plea agreement after the revocation of community supervision.   *Id.*   Thus, unless the plea agreement simply reports the statutory limits for punishment, it will not accurately reflect the punishment that could be assessed if guilt is adjudicated.   *Id.*   The only thing "certain" is that the judge can assess any punishment statutorily permitted*.   Id.*

**B. Discussion**

Cotton cites *Perkins v. Court of Appeals* and argues, "Once a trial judge approves the plea bargain and accepts the guilty plea, the judge has a ministerial duty, mandatory and non-discretionary duty to enforce the plea bargain it approved." 738 S.W.2d 276, 283 (Tex. Crim. App. 1987). However, in this case, the trial court did not accept the original plea agreement and instead ordered deferred adjudication and placed Cotton on community supervision. In the context of plea bargaining, the code of criminal procedure provides that the recommendation of the prosecutor on punishment is not binding on the court, and the trial court has discretion to follow or reject a plea bargain agreement as long as the defendant is allowed to withdraw his guilty plea if the trial court rejects the agreement. TEX. CODE CRIM. PROC. art. 26.13 (a)(2). By requesting a drug treatment program and accepting deferred-adjudication community supervision instead of the bargained-for eight-year sentence, Cotton demonstrated his choice not to withdraw his plea. *See Ditto,* 988 S.W.2d at 238 n.4. The trial court warned Cotton that a sentence of up to twenty years confinement could be imposed on him upon violation of the terms of deferred adjudication community supervision, and Cotton accepted the terms. With this in mind, Cotton cannot now challenge the sentence he received after adjudication. *Mercado*, 718 S.W.2d at 296. We overrule Cotton's second issue.

## IV.    INEFFECTIVENESS OF COUNSEL

Cotton's third issue is that his counsel was ineffective at the initial plea hearing and at the motion to revoke community supervision hearing.

7

## A. Standard of Review

When a defendant challenges the voluntariness of a plea based on the advice of counsel and alleges that counsel was ineffective, the defendant has the burden to show that (1) counsel's performance fell below a reasonable standard of competence, and (2) the defendant would, with a reasonable probability, have pled not guilty and insisted on going to trial had counsel not committed the alleged errors. *Ex parte Moody*, 991 S.W.2d 856, 857–58) (Tex. Crim. App. 1999). In determining whether there is a deficiency, the reviewing court should afford great deference to the trial court's ability, indulging "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Cueva v. State,* 339 S.W.3d 839, 858 (Tex. App.—Corpus Christi 2011, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). In addition, allegations of ineffectiveness of counsel must be firmly founded in the record. *Escobar v. State,* 227 S.W.3d 123, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Mallet v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)).

## B. Discussion

Cotton argues that defense counsel had a duty to stop the initial plea hearing to explain the consequences relating to deferred adjudication should Cotton violate the terms of his community supervision. However, the record shows the trial court warned Cotton that upon revocation, he could be sentenced up to twenty years in prison. Cotton expressly accepted this possibility. Even if Cotton's counsel did misinform him at some earlier stage, the misinformation was corrected in this exchange conducted in front of Cotton's counsel. *See Curry v. State,* 861 S.W.2d 479, 483 (Tex. App.—Fort Worth 1993, pet. ref'd). Thus, Cotton demonstrated he understood the trial court rejected his

8

plea agreement.

In addition, on June 26, 2012, at the initial hearing, Cotton signed a statement in which he attested that he understood the court's admonishments. The document provided that after the hearing, it would be too late to complain about any matter that could have been addressed at the hearing. Under "No Binding Plea Bargain," the document stipulated that "although you may plea bargain with the State for an agreed recommendation, the Court is not bound to follow any agreed recommendation you may have with the State"; thus, the original plea agreement "does not carry forward to a revocation or adjudication proceeding." By signing this document, Cotton affirmed that he personally read the documents and fully understood the matters contained therein. Further, the document set forth that if the court revoked Cotton's community supervision, the court could set punishment up to the maximum term provided by law for the offense, even though counsel may have recommended a lesser sentence. In other words, by rejecting the agreement, the court was free to set whatever punishment it deemed appropriate in Cotton's case, regardless of the recommendation of counsel. Again, on November 30, 2012, Cotton signed that he understood these matters. In light of the foregoing, Cotton has failed to demonstrate how, if at all, his attorney's performance was deficient in this regard. *Curry,* 861 S.W.2d at 483. He has also failed to show how his attorney's performance would have affected the outcome of his case. *Id.* Cotton's third issue is overruled.

## V. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
24th day of July, 2014.